IN THE CIRCUIT COURT FOR THE THIRTEENTH JUDICIAL CIRCUIT
IN AND FOR HILLSBOROUGH COUNTY, FLORIDA

WORLDWIDE AIRCRAFT SERVICES, INC.
d/b/a JET I.C.U.,
    Plaintiff,

CASE NO:

v.

DIVISION:

UNITEDHEALTHCARE INSURANCE
COMPANY,
    Defendant.
_____/

## COMPLAINT

Plaintiff, WORLDWIDE AIRCRAFT SERVICES, INC., d/b/a JET I.C.U., by and through undersigned counsel, sues Defendant, UNITEDHEALTHCARE INSURANCE COMPANY, and alleges as follows:

### JURISDICTION AND VENUE

1. This Court has jurisdiction over this action because this dispute involves an amount in controversy in excess of $15,000, exclusive of attorney's fees, interest, and costs.

2. On August 28, 2016, WORLDWIDE AIRCRAFT SERVICES, INC., d/b/a JET I.C.U. ("PLAINTIFF"), was a Florida corporation, duly authorized to conduct business in the State of Florida.

3. On August 28, 2016, PLAINTIFF was a health care provider licensed by the State of Florida to provide health care in the State of Florida, with its principal place of business in Hernando County, Florida.

4. UNITEDHEALTHCARE INSURANCE COMPANY ("DEFENDANT") is a foreign for-profit corporation with its principal place of business in Hartford, Connecticut.

5. On August 28, 2016, DEFENDANT was a health insurer, health claims administrator, health claims affiliate or health maintenance organization engaged in the business of providing health care insurance in the State of Florida.

6. DEFENDANT operated, conducted, engaged in, and/or carried on a business or business venture in Florida pursuant to Fla. Stat. § 48.193.

7. Venue is proper in Hillsborough County because a material portion of the health care services at issue were provided by PLAINTIFF in Hillsborough County.

## STATEMENT OF FACTS

8. This is an action to recover for underpayment of air medical transport services rendered by PLAINTIFF to DEFENDANT's insured.

9. On August 28, 2016, H.P. ("INSURED") was an insured beneficiary under a health care policy provided by DEFENDANT.

10. On or about August 28, 2016, INSURED was the victim of an accident that caused life-threatening injuries and occurred in St. George, Grenada.

11. At the time services were provided, PLAINTIFF did not have a pre-negotiated contract with DEFENDANT and was not part of DEFENDANT's provider network.

12. INSURED required air medical transportation because the facility in which INSURED was initially treated lacked the capability to adequately treat her.

13. DEFENDANT acknowledged and agreed that INSURED's plan covered air ambulance services, as evidenced by its partial payment to PLAINTIFF, but grossly underpaid PLAINTIFF for these services rendered in violation of Florida law.

14. DEFENDANT authorized PLAINTIFF to transport INSURED from St. George, Granada to St. Joseph's Hospital in Hillsborough County, Tampa, Florida for medical care.

2

15. On August 28, 2016, PLAINTIFF provided INSURED with health care services in the form of air medical transportation from St. George, Grenada., to Hillsborough County, Florida.

16. PLAINTIFF billed DEFENDANT for services rendered to INSURED and otherwise demanded payment for the medical air transport services.

17. This action concerns only the rate of payment rendered by DEFENDANT to PLAINTIFF, and not the PLAINTIFF's right to receive payment from DEFENDANT.

18. All conditions precedent to this action have been performed, waived, or otherwise satisfied.

## COUNT I- UNJUST ENRICHMENT

19. PLAINTIFF incorporates herein the allegations of paragraphs 1-18 above.

20. DEFENDANT authorized payment to PLAINTIFF for the services rendered to DEFENDANT's INSURED.

21. DEFENDANT derived a direct benefit from PLAINTIFF performing the medical services for its INSURED because it is through PLAINTIFF's service that DEFENDANT fulfilled its obligation to its INSURED.

22. DEFENDANT approved and had knowledge of the services performed by PLAINTIFF because DEFENDANT had determined they were covered services, approved of PLAINTIFF's performance of said services, and rendered payment to PLAINTIFF.

23. DEFENDANT voluntarily accepted the benefit of these services and retained the benefit of the services rendered to INSURED when DEFENDANT approved, consented, and authorized the services to be covered under INSURED's plan.

24.  Under the circumstances, it would be inequitable for DEFENDANT to retain the benefit of the funds conferred upon it without paying the full and fair value of the services provided.

25.  Therefore, DEFENDANT is being unjustly enriched by failing to pay PLAINTIFF the difference between the full monetary value of the services rendered and actual amount paid for the benefit conferred upon INSURED.

### COUNT II – QUANTUM MERUIT

26.  PLAINTIFF incorporates herein allegations of paragraphs 1-18.

27.  PLAINTIFF fully performed all medical services connected to INSURED with the expectation of receiving a reasonable or statutory fee for its work from DEFENDANT.

28.  The medical services rendered benefitted DEFENDANT because, through PLAINTIFF's services rendered to INSURED, DEFENDANT fulfilled its obligation to INSURED.

29.  DEFENDANT would be unjustly enriched if it is allowed to retain the benefits conferred upon it resulting from the services rendered to INSURED by PLAINTIFF.

30.  Accordingly, PLAINTIFF is entitled to be paid by DEFENDANT the reasonable value of reimbursement for services rendered, through the usual and customary charge for similar services in the community.

### COUNT III – VIOLATION OF FLA. STAT. § 627.64194 (2018)

31.  PLAINTIFF incorporates herein the allegations of paragraphs 1-18 above.

32.  On or about August 28, 2016, PLAINTIFF was not a participating provider in DEFENDANT's network; hence, PLAINTIFF was an out-of-network provider.

33.  On August 28, 2016, PLAINTIFF provided medical services to INSURED which were approved by DEFENDANT.

4

34. Fla. Stat. § 627.64194(4) requires that all insurers, such as DEFENDANT, reimburse nonparticipating providers, such as PLAINTIFF, for both non-emergency and emergency services rendered to an insured, such as INSURED, as provided for in Fla. Stat. § 641.513(5).

35. Pursuant to Fla. Stat. § 641.513(5), nonparticipating providers are entitled to reimbursement for services rendered in an amount equal to the lesser of the provider's charges, the "usual and customary provider charges for similar services in the community where the services were provided," or "the charge mutually agreed to by the health maintenance organization and the provider within 60 days of the submittal of the claim."

36. PLAINTIFF and DEFENDANT did not reach an agreement regarding any charges in accordance with Fla. Stat. § 641.513(5) and, therefore, PLAINTIFF is entitled to reimbursement at the lesser of the charges billed or the usual and customary provider charges for similar services in the community where the services were provided.

37. DEFENDANT has reimbursed PLAINTIFF a substantially insufficient amount of money for the services rendered.

38. Therefore, DEFENDANT has failed to reimburse PLAINTIFF in accordance with Fla. Stat. § 641.513(5) for services rendered to INSURED and thus has violated Fla. Stat. § 627.64194(4).

### COUNT IV – VIOLATION OF FLA. STAT. § 641.513 (2016)

39. PLAINTIFF incorporates herein the allegations of paragraphs 1-18 above.

40. DEFENDANT is required, pursuant to Fla. Stat. § 641.513(5), to reimburse PLAINTIFF for services rendered to INSURED in an amount equal to the lesser of the provider's charges, the "usual and customary provider charges for similar services in the

5

community where the services were provided," or "the charge mutually agreed to by the health maintenance organization and the provider within 60 days of the submittal of the claim."

41. Florida has established an ability to recover payment to such providers under said statute without an express contract and has created a standard for fair market value to be used for such a purpose.

42. DEFENDANT has not complied with Fla. Stat. § 641.513(5) because DEFENDANT failed to make payment in full to PLAINTIFF for the fair market value of usual and customary charges for similar services in the community where the services were provided.

43. DEFENDANT alleged that the policy payment was paid in full due to the denial of further payment with the justification that the underpaid payment is a reasonably calculated rate.

44. Pursuant to Fla. Stat. § 641.513(5), DEFENDANT did not have the authority to decide what is a reasonably calculated rate, but rather, the statute states it is usual and customary provider charges for similar services in the community where the services were provided.

45. DEFENDANT understood and acknowledged their obligations to pay PLAINTIFF because DEFENDANT authorized the services rendered and paid out a reduced rate of the total amount owed to PLAINTIFF.

46. DEFENDANT has reimbursed PLAINTIFF for the medical services performed for INSURED at a substantially lower amount than the total amount billed and the usual and customary provider charges for similar services in the community where PLAINTIFF rendered services to INSURED.

47. Accordingly, DEFENDANT has failed to fully reimburse PLAINTIFF for the services rendered to INSURED on August 28, 2016 and therefore has violated Fla. Stat. § 641.513(5).

**WHEREFORE**, PLAINTIFF, respectfully requests that this Court:

(a) Enter judgment against DEFENDANT and in favor of PLAINTIFF, awarding damages for the services that PLAINTIFF rendered to INSURED on August 28, 2016;

(b) Award PLAINTIFF prejudgment and post-judgment interest at a rate of 12% per annum on the amounts overdue on the underpaid claims pursuant to Fla. Stat. § 627.6131(7), § 641.3155(6);

(c) Award PLAINTIFF attorney fees pursuant to Fla. Stat. § 641.28 and § 627.428;

(d) Award PLAINTIFF its costs; and

(e) Grant PLAINTIFF any and all further relief as the Court deems just and appropriate under the circumstances.

## JURY DEMAND

PLAINTIFF hereby demands a jury trial for all claims so triable.

DATED this 19th day of September 2018.

                **KIMSEY LAW FIRM, P.A.**

                */s/ Paul Kimsey*
                **PAUL S. KIMSEY, ESQUIRE**
                FL Bar No.: 0988472
                4012 Gunn Hwy., Suite 140
                Tampa, Florida 33618
                (813) 549-1001 Phone
                (813) 265-1752 Facsimile
                pkimsey@kimseylaw.com
                *Attorney for Plaintiff*