**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

WORLDWIDE AIRCRAFT SERVICES,
INC., d/b/a JET I.C.U.,                               Case No. 8:18-cv-2549-T-24 TGW

Plaintiff,

v.

UNITED HEALTHCARE INSURANCE
COMPANY,

Defendant.
_____/

## AMENDED COMPLAINT

Plaintiff, WORLDWIDE AIRCRAFT SERVICES, INC., d/b/a JET I.C.U., by and through undersigned counsel, sues Defendant, UNITED HEALTHCARE INSURANCE COMPANY, and alleges as follows:

1. This is an action for damages pursuant to a claim for breach of an implied-in-fact contract inferred from conduct between WORLDWIDE AIRCRAFT SERVICES, INC., d/b/a JET I.C.U. ("PLAINTIFF") and UNITED HEALTHCARE INSURANCE COMPANY ("DEFENDANT") under Florida law.

2. On August 28, 2016, PLAINTIFF was and is a health care provider licensed by the State of Florida to provide health care in the State of Florida, with its principal place of business in Hernando County, Florida.

3. On August 28, 2016, DEFENDANT was and is a for-profit corporation with its principal place of business in Hartford, Connecticut.

4. DEFENDANT operated, conducted, engaged in, and/or carried on a business or

business venture in Florida pursuant to Fla. Stat. § 48.193.

5. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1332 and 1441 because this action was removed from Florida state court as a case between citizens of different states in which the amount in controversy exceeds $75,000, exclusive of interest and cost. *See* Notice of Removal, [D.E. 1].

6. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 and 1441 because the substantial portion of the events that gave rise to the implied-in-fact contract between the parties arose within this district and, when removed, the state action was pending within this district. *See* Notice of Removal, [D.E. 1].

7. This is an action to recover for underpayment of air medical transport services rendered by PLAINTIFF to DEFENDANT'S insured that was a voluntary undertaking by the PLAINTIFF with knowledge and the reasonable expectation of payment by both parties.

8. On August 28, 2016, DEFENDANT was and continues to be a health insurer, health claims administrator, health claims affiliate or health maintenance organization duly authorized and engaged in the business of providing health care insurance.

9. On August 28, 2016, PLAINTIFF was and continues to be a duly authorized provider, both domestically and internationally, of medical air transport services.

10. PLAINTIFF provides air transport for critically ill and injured patients to medical facilities that can treat their conditions with fixed-wing jet aircraft which are crewed by trained medical personnel.

11. PLAINTIFF must purchase or lease, periodically inspect, and repair its aircraft in accordance with federal law; maintain a qualified flight crew, medical staff, technicians, and associated costs to meet the demands of emergency and non-emergency services.

12. In addition, PLAINTIFF'S operations as a provider of medical air transport services subject it to state and federal laws and regulations that impose additional costs, expenses, and fees.

13. On August 28, 2016, H.P. ("INSURED") was an insured beneficiary under a health care policy provided by DEFENDANT.

14. On or about August 28, 2016, INSURED was the victim of an accident that caused life-threatening injuries which occurred in St. George, Grenada.

15. INSURED required immediate air medical transportation because the facility in which INSURED was initially treated lacked the capability to adequately treat her.

16. DEFENDANT authorized PLAINTIFF to transport INSURED from St. George, Granada to St. Joseph's Hospital in Hillsborough County, Tampa, Florida for medical care.

17. On or about August 28, 2016, PLAINTIFF provided INSURED with medical air transport services and she safely reached St. Joseph's Hospital in Hillsborough County, Tampa, Florida.

18. DEFENDANT acknowledged and agreed that INSURED'S plan covered air ambulance services, as evidenced by its partial payment to PLAINTIFF.

19. At the time services were provided, PLAINTIFF did not have a pre-negotiated contract with DEFENDANT and was not part of DEFENDANT'S provider network.

20. PLAINTIFF intended and assented to receive a reasonable price in compensation from the DEFENDANT for the services rendered.

21. DEFENDANT intended and assented to pay the PLAINTIFF a reasonable price in compensation for the PLAINTIFF'S services to the INSURED.

22. Thus, the parties' conduct established an implied-in-fact contract wherein there

was an implied promise of a reasonable price for the medical air transport services.

23. PLAINTIFF fulfilled all obligations under the implied-in-fact contract with the DEFENDANT by providing medical air transport services to the INSURED.

24. DEFENDANT breached the implied-in-fact contract because it underpaid the PLAINTIFF by a partial payment of only a fraction of the billed charges instead of a reasonable price.

25. As a direct and proximate result of DEFENDANT'S breach of the implied-in-fact contract, PLAINTIFF suffered damages in the amount of the difference between the partial payment and the reasonable price of the services rendered.

26. This action concerns only the <u>reasonable price</u> for services rendered by DEFENDANT to PLAINTIFF, and not the PLAINTIFF'S <u>right</u> to receive payment from DEFENDANT.

27. All conditions precedent to this action have been performed, waived, or otherwise satisfied.

**WHEREFORE**, PLAINTIFF, respectfully requests that this Court:

(a) Enter judgment against DEFENDANT and in favor of PLAINTIFF, awarding damages for the reasonable price of the services that PLAINTIFF rendered to INSURED on August 28, 2016;

(b) Award PLAINTIFF pre-judgment and post-judgment interest on the amounts overdue on the underpaid claims;

(c) Award PLAINTIFF attorney fees pursuant to Fla. Stat. § 627.428;

(d) Award PLAINTIFF its costs; and

(e)   Grant PLAINTIFF any and all further relief as the Court deems just and appropriate under the circumstances.

## DEMAND FOR JURY TRIAL

PLAINTIFF hereby demands a jury trial for all claims so triable.

Dated this 20th day of December, 2018.

Respectfully submitted,

*/s/ Paul S. Kimsey*
Paul S. Kimsey, Esquire
Florida Bar No.: 0988472
KIMSEY LAW FIRM, P.A.
4012 Gunn Highway, Suite 140
Tampa, FL 33618
Telephone: (813) 549-1001
Facsimile: (813) 265-1752
E-mail: pkimsey@kimseylaw.com
Counsel for Plaintiff

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on December 20, 2018, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to: Daniel Alter, Esquire, GRAY ROBINSON, P.A., 401 East Las Olas Blvd., Suite 1000, Fort Lauderdale, FL 33301.

*/s/ Paul S. Kimsey*
Paul S. Kimsey, Esquire
Florida Bar No.: 0988472
KIMSEY LAW FIRM, P.A.
4012 Gunn Highway, Suite 140
Tampa, FL 33618
Telephone: (813) 549-1001
Facsimile: (813) 265-1752
E-mail: pkimsey@kimseylaw.com
Counsel for Plaintiff