UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

WORLDWIDE AIRCRAFT SERVICES,
INC. d/b/a Jet I.C.U.,

        Plaintiff,

v.         Case No. 8:18-cv-2549-T-24 TGW

UNITED HEALTHCARE INSURANCE
COMPANY,

        Defendant.
_____/

## ORDER

This cause comes before the Court on Defendant's Motion to Dismiss. (Doc. No. 12). Plaintiff opposes the motion. (Doc. No. 13). As explained below, Defendant's motion is denied.

## I. Standard of Review

In deciding a motion to dismiss, the district court is required to view the complaint in the light most favorable to the plaintiff. See Murphy v. Federal Deposit Ins. Corp., 208 F.3d 959, 962 (11th Cir. 2000)(citing Kirby v. Siegelman, 195 F.3d 1285, 1289 (11th Cir. 1999)). The Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which he bases his claim. Instead, Rule 8(a)(2) requires a short and plain statement of the claim showing that the pleader is entitled to relief in order to give the defendant fair notice of what the claim is and the grounds upon which it rests. See Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)(citation omitted). As such, a plaintiff is required to allege "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. (citation omitted). While the Court must assume that all of the allegations in the complaint are

true, dismissal is appropriate if the allegations do not "raise [the plaintiff's] right to relief above the speculative level." Id. (citation omitted). The standard on a 12(b)(6) motion is not whether the plaintiff will ultimately prevail in his or her theories, but whether the allegations are sufficient to allow the plaintiff to conduct discovery in an attempt to prove the allegations. See Jackam v. Hospital Corp. of Am. Mideast, Ltd., 800 F.2d 1577, 1579 (11th Cir. 1986).

**II. Background**

Plaintiff Worldwide Aircraft Services, Inc., an air ambulance provider, alleges the following in its amended complaint (Doc. No. 9): On August 28, 2016, H.P. ("Insured") was an insured beneficiary under a health insurance policy provided by Defendant United Healthcare Insurance Company ("United"). On that date, Insured was the victim of an accident in St. George, Grenada that caused life-threatening injuries. Insured required air medical transportation, because the facility in which Insured was initially treated lacked the capability to adequately treat her.

At the time, Plaintiff did not have a pre-negotiated contract with United, and Plaintiff was not part of United's provider network. However, United authorized Plaintiff to transport Insured from St. George, Granada to St. Joseph's Hospital in Tampa, Florida for medical care. Plaintiff transported Insured, and Plaintiff billed United for the medical air transport services. Plaintiff alleges that it intended and assented to receive a reasonable price, and that United assented to pay Plaintiff a reasonable price, in compensation for the air ambulance services Plaintiff provided. United acknowledged and agreed that Insured's plan covered air ambulance services, as evidenced by United's partial payment to Plaintiff.

Plaintiff alleges that the parties' conduct created an implied-in-fact contract, wherein Plaintiff agreed to provide, and United authorized and agreed to pay for, air ambulance services. Plaintiff contends that United breached their implied contract by grossly underpaying Plaintiff for its services. In response, United filed the instant motion to dismiss.

## III.  Motion to Dismiss

United moves to dismiss Plaintiff's implied-in-fact contract claim, arguing that it is not sufficiently pled. Specifically, United argues that Plaintiff's allegations lack detail regarding exactly what conduct occurred that gave rise to the alleged implied-in-fact contract. As explained below, the Court finds that Plaintiff's claim is sufficiently pled to withstand a motion to dismiss.

Implied-in fact contracts under Florida law can be described as follows:

> A contract implied in fact is one form of an enforceable contract; it is based on a tacit promise, one that is inferred in whole or in part from the parties' conduct, not solely from their words. Where an agreement is arrived at by words, oral or written, the contract is said to be "express." A contract implied in fact is not put into promissory words with sufficient clarity, so a fact finder must examine and interpret the parties' conduct to give definition to their unspoken agreement. It is to this process of defining an enforceable agreement that Florida courts have referred when they have indicated that contracts implied in fact "rest upon the assent of the parties." The [Florida] supreme court described the mechanics of this process [as follows] . . . : [A] [c]ourt should determine and give to the alleged implied contract the effect which the parties, as fair and reasonable men, presumably would have agreed upon if, having in mind the possibility of the situation which has arisen, they had contracted expressly thereto.
>
> Common examples of contracts implied in fact are where a person performs services at another's request, or where services are rendered by one person for another without his expressed request, but with his knowledge, and under circumstances fairly raising the presumption

3

> that the parties understood and intended that compensation was to be
> paid. In these circumstances, the law implies the promise to pay a
> reasonable amount for the services.

Commerce Partnership 8098 Ltd. Partnership v. Equity Contracting Co., Inc., 695 So.2d 383, 385–86 (Fla. 4th DCA 1997)(internal citations and quotation marks omitted).

In the instant case, Plaintiff alleges that United authorized Plaintiff to transport Insured from St. George, Granada to St. Joseph's Hospital in Tampa, Florida for medical care. Plaintiff also alleges that it intended and assented to receive a reasonable price, and that United assented to pay Plaintiff a reasonable price, in compensation for the air ambulance services Plaintiff provided. Thus, those allegations conform to the example given above that "services are rendered by one person [Plaintiff] for another [United's insured] . . . with [United's] knowledge, and under circumstances fairly raising the presumption that the parties understood and intended that compensation was to be paid." Id. at 386. While United may dispute the veracity of these allegations, the Court views them in the light most favorable to Plaintiff and finds them to be sufficient.

In order to plead the existence of an implied-in-fact contract, Plaintiff must allege four things: (1) an offer, (2) acceptance, (3) consideration, and (4) mutual assent and intent to be bound. See Roman v. Tyco Simplex Grinnell, 2017 WL 3394295, at *5 (M.D. Fla. Aug. 8, 2017). Plaintiff has alleged this—the offer and acceptance occurred when United authorized the air transport, the air transport and presumption that Plaintiff would be compensated was the consideration, and Plaintiff alleges that both parties assented to the transaction.

United argues that Plaintiff's reliance on United's alleged authorization is misplaced, because authorization in the insurance context does not equate to acceptance of an offer to

provide, and to be paid for, a service. However, the cases relied on by United deal with insurance *verification of coverage*. Plaintiff alleges that United *authorized the air transport*. While United appears to dispute that the authorization actually occurred, that type of factual dispute is not appropriate for a motion to dismiss. Furthermore, the Court notes that even if Plaintiff had alleged more facts regarding the parties' conduct, "examination of the parties['] conduct is a fact-based inquiry, something that cannot be resolved in a motion to dismiss." Watershed Treatment Programs, Inc. v. United Healthcare Ins. Co., 2007 WL 1099124, at *2 (S.D. Fla. April 10, 2007).

**IV.  Conclusion**

Accordingly, it is ORDERED AND ADJUDGED that United's Motion to Dismiss (Doc. No. 12) is **DENIED**.

**DONE AND ORDERED** at Tampa, Florida, this 8th day of February, 2019.

Copies to:
Counsel of Record

SUSAN C. BUCKLEW
United States District Judge